## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JASON D. COHEN, MD, FACS and
PROFESSIONAL ORTHOPAEDIC
ASSOCIATES, PA AS ASSIGNEE AND
DESIGNATED AUTHORIZED
REPRESENTATIVE OF PATIENT JE, and
PATIENT JE,

     *Plaintiffs*,

 v.

HORIZON BLUE CROSS BLUE SHIELD OF
NEW JERSEY.

     *Defendants*.

Civil No.: 15-cv-4528 (KSH) (CLW)

<u>OPINION</u>

<u>**Katharine S. Hayden, U.S.D.J.**</u>

  This matter comes before the Court upon a motion (D.E. 32) filed by plaintiffs to remand this case to New Jersey state court on the ground that plaintiffs' claims are not preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). For the reasons set forth below, plaintiffs' motion is denied.

**I.  Background**

  On or about May 15, 2015, plaintiffs filed a complaint in New Jersey state court seeking to recover benefits allegedly due for emergency medical services rendered to patient JE by Jason Cohen, a shareholder of Professional Orthopaedic Associates, PA ("POA"). Horizon Blue Cross Blue Shield of New Jersey ("Horizon") first received a copy of the complaint on May 27, 2015 and filed a timely notice of removal on June 26, 2015, pursuant to 28 U.S.C. § 1331 and § 1441(a) and (c), based on the position that plaintiffs "seek to recover benefits from Horizon under the terms

of an employee benefit plan governed by ERISA and bring[] claims for benefits within Section 502(a) of ERISA, 29 U.S.C. § 1132(a), over which this court has federal question jurisdiction pursuant to 28 U.S.C. § 1131." Plaintiffs filed an amended complaint (hereinafter, the "complaint") on December 7, 2015 (D.E. 19).

According to the complaint, Horizon is the plan administrator for JE's employer provided health insurance plan. (Compl., ¶ 4.) On or about January 6, 2014, Cohen and POA sought payment from Horizon by filing a claim for emergency surgery and procedures Cohen performed on JE. (Compl., ¶ 18.) The services provided were "out-of-network," meaning that Cohen and POA did not have a contract with Horizon to accept any agreed upon rates. (Compl., ¶¶ 20–21.) With respect to out-of-network services, JE signed certain agreements with Cohen and POA making him personally responsible for all medical charges and assigning all rights and benefits due from Horizon to them, including standing to appeal and/or sue on the basis of Horizon's claim payment decisions. (Compl., ¶¶ 13–17.)

On or about March 13, 2014, Horizon made a single payment of $100,507.58 on a claim that Cohen submitted for the above-referenced medical services. (Compl., ¶ 25.) On July 31, 2014, Horizon sent a refund request for $97,820.00, stating that it had overpaid for the services rendered to JE. (Compl., ¶ 26.) After denying an appeal by Cohen and POA, and in satisfaction of its refund request, Horizon allegedly "took back" $97,820.06 from claims being paid to Cohen by Horizon on behalf of 30 different patients it insured. (Compl., ¶ 31.) Cohen and POA then filed another appeal which was also denied, giving rise to the instant action.

The complaint pleads violations of N.J.A.C. 11:24-5.3 ("Emergency and urgent care services") and the New Jersey Healthcare Information and Technologies Act ("HINT"), in addition to a common law cause of action for unjust enrichment. Plaintiffs' motion to remand to state court

on the basis that ERISA does not preempt claims for payment under N.J.A.C. 11:24-5.3 and HINT has been fully briefed (D.E. 32, 39, 40).

The Court makes its decision on the papers.

## II.    Standard of Review

"Any civil action brought in state court may be removed by the defendant to the federal district court in the district where such action is pending, if the district court would have original jurisdiction over the matter." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) (citing 28 U.S.C. § 1441(a)). Thus, removal is not appropriate if the case does not fall within the district court's original federal question jurisdiction and the parties are not diverse. *Id.* The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

"Under the well-pleaded complaint rule, a cause of action 'arises under' federal law, and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995). However, the Supreme Court has recognized an exception to the well-pleaded complaint rule. *Id.* "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

## III.    Analysis

Plaintiffs argue that remand is proper because their state law claims under N.J.A.C. 11:24-5.3 and HINT create legal obligations that are independent of the terms of an ERISA plan and thus do not fall within the scope of ERISA's preemption clause. ERISA contains a preemption clause providing that the act "shall supersede any and all state laws insofar as they may now or hereafter

3

relate to any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). The Supreme Court has noted the "expansive sweep of the preemption clause[,]" *see Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987), and, in a recent decision, elaborated on the current state of the ERISA preemption doctrine:

> First, ERISA pre-empts a state law if it has a 'reference to' ERISA plans. To be more precise, where a State's law acts immediately and exclusively upon ERISA plans . . . or where the existence of ERISA plans is essential to the law's operation . . ., that 'reference' will result in pre-emption. Second, ERISA pre-empts a state law that has an impermissible 'connection with' ERISA plans, meaning a state law that governs . . . a central matter of plan administration or interferes with nationally uniform plan administration. A state law also might have an impermissible connection with ERISA plans if 'acute, albeit indirect, economic effects' of the state law 'force an ERISA plan to adopt a certain scheme of substantive coverage or effectively restrict its choice of insurers.' (quoting *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 668 (1995)).

*Gobeille v. Liberty Mut. Ins. Co.*, 136 S. Ct. 936, 943 (internal quotations and citations omitted).

With respect to N.J.A.C. 11:24-5.3, plaintiffs argue that the "New Jersey emergency care regulatory scheme requires no reference to JE's health benefit plan" and that "[n]othing in any health benefit plan is required to be interpreted or consulted in order for Horizon to do that which it is obligated to do under New Jersey law, i.e. pay for the emergency services rendered to its beneficiary in full for the emergency services rendered." Plaintiffs' Moving Br., at pp. 6–7. The Court disagrees.

The very first line of N.J.A.C. 11:24-5.3 provides: "The *HMO* shall establish written policies and procedures governing the provision of emergency and urgent care which shall be distributed to each subscriber at the time of initial enrollment." (emphasis added). The HMO in question here is JE's *ERISA-governed*, employer-provided health insurance plan. Thus, the New Jersey state law at issue "acts immediately and exclusively" upon an ERISA plan in this case,

and the existence of an ERISA plan is "essential to the law's operation[,]" such that reference to the plan results in preemption under the standards clarified in *Gobeille*. *See also 1975 Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d 401, 406 (3d Cir. 1992) (preemption proper where, "if there were no plan, there would have been no cause of action").

Plaintiffs cite *United Wire, Metal & Mach. Health & Welfare Fund v. Morristown Mem'l Hosp.*, 995 F.2d 1179, 1192 (3d Cir. 1993) for the proposition that state statutes of general applicability which do not single out ERISA plans are not subject to preemption. *See* Reply Br., at pp. 4–7. In *United Wire*, the Third Circuit held that New Jersey regulations concerning hospital rates were not preempted by ERISA, despite the fact that the regulations had an indirect economic impact on ERISA plans. Specifically, the *United Wire* court stated:

> Where, as here, a State statute of general application does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the statute has some economic impact on the plan does not require that the statute be invalidated.

*United Wire*, 995 F.2d at 1194. Thus, plaintiffs argue, because the "the [New Jersey] regulations concerning payment of emergency services affect all insurance plans, not specifically those that are ERISA[,]" they are not preempted by virtue of the *United Wire* holding.

The Court disagrees. Even if N.J.A.C. 11:24-5.3 affects all insurance plans uniformly and does not single out ERISA plans, on its face it mandates five categories of emergency services that must be covered by HMOs in New Jersey, including, according to plaintiff, the ERISA-governed plan in this case. As set forth in full above, the *United Wire* holding only applies where "a State statute of general application does not affect the . . . *types of benefits provided by an ERISA plan* . . . ." *United Wire*, 995 F.2d at 1194 (emphasis added). Similarly, in both *Travelers* and *Gobeille*, the Supreme Court expressly noted that a state law can have "an impermissible connection with ERISA plans if 'acute, albeit indirect, economic effects' of the state law '*force an ERISA plan to*

5

adopt a certain scheme of substantive coverage . . . .'" (quoting *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 668 (1995)) (emphasis added). Because, under plaintiffs' proffered interpretation, N.J.A.C. 11:24-5.3 would affect the "types of benefits provided by an ERISA plan" and effectively "force an ERISA plan to adopt a certain scheme of substantive coverage[,]" it is preempted under prevailing Third Circuit and Supreme Court jurisprudence.[1]

Plaintiffs' purported cause of action under HINT fares no better.  Pursuant to N.J.A.C. 11:22-1.5, payment of health insurance claims is required to be made within 30 days of receipt by the insurance carrier.  Thus, plaintiff argues, because "more than (30) days has passed and Horizon has refused to make the required payment on the claim[,]" defendant has a state law cause of action under HINT, independent of JE's ERISA-governed plan, that is not preempted.  Plaintiffs' Moving Br., at p. 6.  Plaintiff's HINT argument fails for at least three reasons.

First, as *Gobeille* makes clear, ERISA "seeks to make the benefits promised by an employer more secure by mandating certain oversight systems and other standard procedures." *Gobeille*, 136 S. Ct. at 943.  Specifically, "ERISA plans must present participants with a plan description explaining, among other things, the plan's eligibility requirements and *claims-processing procedures*."  *Id.* at 944 (emphasis added) (citations omitted).  Thus, under *Gobeille*, a state law that provides procedures for the payment of claims would have an impermissible "connection with" the ERISA plan in this case because it "governs . . . a central matter of plan administration[,]" namely, claims-processing procedures.  *Id.*

---

[1] Setting aside the fact that neither party addresses whether N.J.A.C. 11:24-5.3 provides a private cause of action in the first instance, plaintiffs have not cited—nor has the Court's independent search revealed—any authority that N.J.A.C. 11:23-5.3 mandates coverage of the enumerated emergency services by an ERISA-governed plan.

Second, the 30-day time limit prescribed by N.J.A.C. 11:22–1.5 applies only to "clean claims," which means in part that "the claim is for a service or supply that is *covered by the health benefits plan*[.]"  N.J.A.C. 11:22-1.2 (emphasis added).  Thus, plaintiffs' claim under HINT for past due reimbursement is directly linked to plaintiffs' claim under N.J.A.C. 11:24-5.3 that JE's ERISA-governed plan is required to cover the emergency services in question.  The Court's ruling that N.J.A.C. 11:24-5.3 is preempted by ERISA, and thus does not mandate the inclusion of additional benefits in JE's ERISA-governed plan, negates the alleged existence of a past due amount.

Finally, plaintiffs' position under HINT is that "Horizon paid the majority of the claim, and then took back all but $4,744.94 on that emergency treatment claim."  Plaintiffs' Reply Br., at p. 6.  Thus, although framed as a failure to pay a claim, there is no dispute as to whether the claim was paid.  Rather, plaintiffs' HINT cause of action, at its core, hinges on whether the *amount* paid on the claim was calculated properly.  The Third Circuit has held that "the calculation and payment of the benefit due to a plan participant" goes to "the essence of the function of an ERISA plan[.]"  *Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 150 (3d Cir. 2007).[2]

---

[2] Although neither party addresses the issue of whether plaintiffs' unjust enrichment claim is preempted by ERISA, the Court finds that it is.  Plaintiffs' standing to sue in this case derives from an assignment of benefits that JE executed granting plaintiffs the right to recover amounts due under an ERISA-governed plan, and their unjust enrichment cause of action amounts to an allegation that Horizon "improperly withheld payment" that plaintiffs expected to receive as an assignee of benefits under an ERISA-governed plan.  Plaintiffs' provide no case law allowing an out-of-network physician or medical practice to proceed on an unjust enrichment claim against a plan administrator based upon payment made for services provided to a plan participant, and the Court finds that plaintiffs' unjust enrichment claim involves "the calculation and payment of the benefit due to a plan participant" which goes to "the essence of the function of an ERISA plan[.]"  *Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 150 (3d Cir. 2007).

Because all of the claims alleged in the complaint are completely preempted by ERISA, the Court has original federal question jurisdiction over this action and plaintiffs' remand motion is denied.

**IV.**    **Conclusion**

For the reasons set forth above, plaintiffs' motion to remand is **denied**.  An appropriate order will be entered.


March 31, 2017

/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.